816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald F. MERRIAN, Petitioner-Appellant,
v.
Ronald TATE, Supt., Respondent-Appellee.
 No. 86-3716.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1987.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner Merrian appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec.2254. For the reasons set forth below, we AFFIRM.
 
 
 2
 Petitioner was indicted on one count of murder by a Portage County, Ohio grand jury. Petitioner was found guilty by jury trial and was sentenced to a term of fifteen years to life imprisonment. The judgment of the trial court was affirmed by the Court of Appeals for the Eleventh District of Ohio. The Supreme Court of Ohio dismissed the appeal.
 
 
 3
 On February 18, 1986, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The petition alleged that the state failed to introduce sufficient evidence to prove the necessary element of purpose beyond a reasonable doubt, thereby depriving the petitioner of due process of law. On May 7, 1986, Magistrate Charles Laurie issued a report which recommended denial of the petition. On June 30, 1986, Judge David Dowd adopted the Magistrate's report and dismissed the petition.
 
 
 4
 As determined by the Ohio Court of Appeals, the facts adduced during the course of petitioner's trial established that:
 
 
 5
 [The deceased, Eugene] Williams, age 19, was a student and worked part-time for Bob Confer, a former friend of the defendant [petitioner]. The friendship between defendant and Confer broke off when defendant learned that Confer and defendant's wife had an affair. When defendant and his wife reconciled, a feud developed between the Merrians and the Confers, and defendant allegedly threatened to kill Confer. Williams, the victim, had borrowed some stag films from his father and had loaned them to Confer, who in turn loaned them to defendant.
 
 
 6
 On the evening of the murder, Williams saw defendant at a bowling alley and asked for the return of the films. Defendant apparaently had the films but lied to Williams and told him that Confer had them.
 
 
 7
 After attempting to get the films from Confer, Williams went to defendant's trailer to ask for the films. Defendant and his wife were in the trailer, the wife in the kitchen near the door, and defendant in the bedroom. Williams opened the outside door and knocked on the inside door and Mrs. Merrian opened it. As Williams was standing in the doorway, defendant came out of the bedroom with a .357 Magnum revolver, argued a few moments with Williams and then pushed the gun at Williams and fired.
 
 
 8
 The bullet followed a downward path through Williams' body and came to a rest in his spinal column, some three inches below the entry point. Defendant and his wife laid the victim on the floor and attempted to revive him. Defendant ran to a neighbor's house and called the Sheriff's office.
 
 
 9
 Defendant, who was a special sheriff's deputy and a deputy dog warden for Portage County, gave several differing statements to police officers about how the shooting occurred. Defendant went to the Sheriff's office as a witness and went with an attorney there. He was not arrested until twelve days later after he was secretly indicted by the Portage County Grand Jury.
 
 
 10
 On appeal the petitioner alleges that the state failed to introduce sufficient evidence to prove the necessary element of purpose beyond a reasonable doubt pursuant to Ohio Rev. Code Ann. Sec. 2903.02.[1] It is undisputed that petitioner fatally shot Williams with a .357 Magnum revolver. Petitioner claims, however, that the shooting was accidental. He claims that he heard a grating metallic sound and then heard his wife arguing with someone. He got his revolver and approached the victim, who was standing inside the doorway. Petitioner repeatedly asked the victim to leave the trailer. The victim refused. Petitioner then cocked his gun in an attempt to scare the victim. The victim responded by lunging toward petitioner with his torso bent. Petitioner, who was holding the gun at a 45 degree angle downward, stepped back and stumbled, raising his arms to regain his balance. The gun discharged into the victim's chest as petitioner stumbled backward. Petitioner thus alleges that the state's evidence was not sufficient to disprove his version of the incident. We disagree.
 
 
 11
 In habeas corpus proceedings, the "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979) (footnote omitted). In this case we find that the state's evidence was sufficient to enable the trier of fact to find proof of guilt beyond a reasonable doubt.
 
 
 12
 To prove that the act was purposeful, the state produced evidence that the gun that killed Williams was fired while in contact with Williams' body, with the muzzle right next to the body. Further, the State produced evidence showing that the bullet travelled at a downward path, dropping three inches in trajectory as it crashed through Williams' body. This evidence, combined with the fact that Williams was three inches taller than the petitioner, was used by the State to discredit all of Merrian's versions of what transpired on the night Williams died of a single gunshot wound. As noted by Magistrate Laurie in his Report and Recommendation, "the downard track of the bullet was totally inconsistent with Petitioner's statements that he held the gun cocked upward, or that he tripped backward." Further, Magistrate Laurie stated that "the physical evidence of a contact wound, i.e. muzzle next to the victim, is inconsistent with the Petitioner's testimony or testimony of others about what Petitioner told them had happened." Also, there was no evidence of damage to the wooden front door and there was evidence of paint chips which could have come from the front steps which were found on the victim's boots. The Magistrate noted that "a rational trier of fact could have found that this evidence was more consistent with the victim being dragged inside rather than being evidence of breaking open the screen door." Thus, a rational trier of fact could have found the state's evidence more compelling.
 
 
 13
 Accordingly, for the reasons set forth herein, we AFFIRM the judgment of David D. Dowd, Jr., United States District Court, Northern District of Ohio.
 
 
 
 [1]
 Ohio Rev. Code Ann. Sec. 2903.02 states:
 (A) No person shall purposely cause the death of another.